UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RUSSELL G. SMITH** | **CIVIL ACTION NO: 11-697-P** |
| **VERSUS** | **JUDGE HICKS** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Russell G. Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 3, 2011. Plaintiff was incarcerated at the Bossier Parish Minimum Security Facility in Plain Dealing, Louisiana when he filed this complaint. He names the Louisiana Department of Corrections as defendant.

Plaintiff claims that on March 3, 2009, he was sentenced to three years imprisonment at hard labor and three years probation. He claims the trial court suspended his three year sentence at hard labor. Plaintiff claims that on May 5, 2009, his probation was revoked in the Louisiana Third Judicial District Court. He claims the state court judge did not inform him that he would be released on parole and if he violated the terms of his parole, he would be sentenced to the Louisiana Department of Corrections and he would lose all of his earned

good-time credits. He claims he was forced to sign parole papers before being released.

Plaintiff claims that on August 3, 2010, his parole was revoked and he was sentenced to a term of one year, five months, and 29 days. Plaintiff claims the Louisiana Department of Corrections violated his rights under the Sixth and Fourteenth amendments. He claims he was subjected to double jeopardy.

As relief, Plaintiff seeks monetary compensation and punitive damages.

## LAW AND ANALYSIS

Plaintiff is seeking monetary damages for his conviction, sentence, and parole revocation. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been

called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his conviction, sentence, or parole revocation has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction, sentence, or parole revocation has been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of October 2013.

Mark L. Hornsby
U.S. Magistrate Judge